

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1947

Honorable C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-33

Re: If there is no statutory
or constitutional limit
on ad valorem tax levies
which can be made in Tex-
as by cities, school dis-
tricts, and irrigation
districts, based on as-
sessed valuations re-
quired by law to be 100
per cent of the actual
valuation, what would be
the legal manner in which
any such limits could be
imposed?

Dear Sir:

This Department has received your request for
an opinion in answer to the following question:

"If there is no statutory or constitutional
limit on ad valorem tax levies which can be made in
Texas by cities, school districts, and irrigation
districts, based on assessed valuations required by
law to be 100 per cent of the actual valuation, what
would be the legal manner in which any such limits
could be imposed?"

The general rule concerning the power of the
State to impose taxes is that it is an inherent govern-
mental power, and the source is neither from the Federal
or State Constitutions but is an attribute of sovereign-
ty. The general rule is well stated in the case of
Clegg v. State, 42 Texas, 605, 608, as follows:

"/The taxing power/ is a power inherent in
sovereignty, and without which constitutional gov-
ernment cannot exist. It is vested in the Legisla-
ture by the general grant of legislative power
whether specifically enumerated in the Constitu-
tion among the powers to be exercised by it, or
not. The constitutional provisions in reference

to it, therefore, are more usually intended and un-
derstood as limitations and restrictions upon its
exercise, than as the direct grant of the power to
the Legislature."

The same rule is expressed in the case of
Stratton v. Commissioners' Court, 130 S. W. 1170 (error
refused), wherein the Court held in part as follows:

"The power to tax is an attribute of sovereign-
ty, and the extent to which this power may be ex-
ercised for governmental purposes finds its only
limitation in the Constitution. Unless restrained
by the Constitution, not only is this power unlim-
ited in its reach as to subjects, but it recogniz-
es no limits, and may be carried to the extent of
exhaustion and destruction. . . .

"The general rule of constitutional law that a
sovereign power conferred by the people upon one
branch of the government cannot be delegated ap-
plies with peculiar force to the case of taxation.
The taxing power is vested by the Constitution in
the Legislature; and within that department of gov-
ernment lies the authority to prescribe the rules
of taxation, and to regulate the manner in which
those rules shall be given effect. The Legislature
must in every instance prescribe the rules under
which taxation may be laid. It must originate the
authority under which, after due proceedings, the
tax collector demands the contribution; but it need
not prescribe all the details of action, nor even
fix with precision the sum to be raised or all the
particulars of its expenditure.

"But there is one seeming exception to the gen-
eral rule that the Legislature may not delegate any
portion of its authority, which relates to munici-
pal corporations. Such corporations are a part of
the machinery of state government, and the authori-
ty given them by the Legislature frequently extends
to taxation; and in many cases the state does not
go beyond prescribing rules of limitation within
which for municipal purposes the local authorities
of such corporations may levy taxes, but it has full
reserved power, nevertheless, to limit or recall
the delegation at pleasure. . . ."(Emphasis added)

Based upon the foregoing principles of law, where

no constitutional limitations or restrictions have been enacted as to the limit of the taxing power of the governing bodies of cities of various classes, school districts of various classes, and irrigation districts of various classes, the Legislature has the sole right to prescribe or impose a limit of the tax to be levied by any of the foregoing municipal corporations, provided, however, that the tax limits as heretofore provided by the Legislature by statutory enactment applicable to any of the foregoing municipal subdivisions cannot by a subsequent act of the Legislature be decreased so as to impair the legal obligations incurred by such municipal subdivisions for the payment of which a taxable limit has already been fixed by the Legislature.

SUMMARY: Where the Constitution of Texas provides no legal limit on ad valorem taxes which can be levied by cities, school districts, and irrigation districts, then the Legislature of Texas may impose such limit as it sees fit, provided the obligations of existing legal contracts incurred under a prior statutory limit fixed by the Legislature may not be impaired.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

APPROVED JAN. 24, 1947

ATTORNEY GENERAL

CKR/JCP:jrb

Approved Opinion Committee
By BWB, Chairman